# United States Court of Appeals

## For the Eighth Circuit

_____

No. 23-1520

_____

EDF Renewables, Inc.; Enel Green Power North America, Inc.; NextEra Energy Resources, LLC; Southern Power Company,

*Petitioners*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

Golden Spread Electric Cooperative, Inc.; Kansas Electric Power Cooperative, Inc.; Southwest Power Pool; Xcel Energy Services Inc.,

*Intervenors.*

_____

No. 23-1524

_____

Western Farmers Electric Cooperative,

*Petitioner*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

Golden Spread Electric Cooperative, Inc.; Southwest Power Pool; ITC Great Plains, LLC; Xcel Energy Services Inc.,

*Intervenors*.
_____

No. 23-1525
_____

Cimarron Windpower II, LLC,

*Petitioner*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

Golden Spread Electric Cooperative, Inc.; Southwest Power Pool; Xcel Energy Services Inc.,

*Intervenors.*
_____

No. 23-1528
_____

Oklahoma Gas & Electric Company,

*Petitioner*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

-2-

Golden Spread Electric Cooperative, Inc.; Kansas Electric Power Cooperative, Inc.; Southwest Power Pool; Xcel Energy Services Inc.,

*Intervenors.*

_____

No. 23-2561
_____

Oklahoma Gas & Electric Company,

*Petitioner*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

Southwest Power Pool,

*Intervenor*.

_____

No. 23-2567
_____

EDF Renewables, Inc.; Enel Green Power North America, Inc.; NextEra Energy Resources, LLC; Southern Power Company,

*Petitioners*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

Southwest Power Pool,

*Intervenor*.

_____

No. 23-2593

_____

Cimarron Windpower II, LLC,

*Petitioner*,

v.

Federal Energy Regulatory Commission,

*Respondent*,

Southwest Power Pool,

*Intervenor*.

_____

No. 23-2613

_____

Western Farmers Electric Cooperative,

*Petitioner*,

v.

-4-

Federal Energy Regulatory Commission,

*Respondent*,

Southwest Power Pool,

*Intervenor*.

_____

Petitions for Review of Orders of the
Federal Energy Regulatory Commission

_____

Submitted: March 14, 2024
Filed: September 16, 2024

_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.

_____

COLLOTON, Chief Judge.

EDF Renewables, Inc., and the other petitioners are generators of electricity. Starting in 2008, the generators paid to upgrade an electrical grid managed by Southwest Power Pool, Inc. In exchange, Southwest agreed to provide revenue credits to the generators after collecting fees from customers for use of the upgraded systems.

For years, however, Southwest failed to charge the customers and to credit the generators under the agreement. In 2016, Southwest began back-billing its customers, but the Federal Energy Regulatory Commission and the D.C. Circuit determined that Southwest lacked authority to do so. The Commission thus ordered Southwest to recoup the payments from the generators and to reimburse the

customers. *Sw. Power Pool, Inc.*, 166 FERC ¶ 61,160, at PP 2, 58 (2019); *Sw. Power Pool, Inc.*, 170 FERC ¶ 61,125, at PP 2, 62-63 (2020).

The generators petitioned the Commission to force Southwest to pay for the reimbursements to the customers because Southwest violated the filed rate doctrine, its tariff, and its agreements with the generators. The Commission determined that Southwest committed the violations, but did not order a remedy due to the filed rate doctrine. The generators petition for review of the Commission's orders, but we discern no error and deny the petitions.

## I.

Southwest "is a regional transmission organization servicing about 60,000 miles of transmission lines." *Okla. Gas & Elec. Co. v. Fed. Energy Regul. Comm'n*, 11 F.4th 821, 825 (D.C. Cir. 2021). The organization manages "the transmission of electricity by collecting and distributing various charges and revenues among its stakeholders." *Id.* Those members include both private and public utilities. *Id.* Generators are public utilities that generate or transmit electricity. *See Old Dominion Elec. Coop. v. Fed. Energy Regul. Comm'n*, 892 F.3d 1223, 1227-28 (D.C. Cir. 2018). The generators involved here are also members of Southwest.

In 2005, Southwest sought to enhance its generating capacity. *Okla. Gas & Elec. Co.*, 11 F.4th at 825. The organization created a reimbursement mechanism whereby generators could advance the cost of the upgrades to the grid and be reimbursed in credits over time. The credits to generators would flow when Southwest's customers consumed and paid for service that could not be provided "but for" the upgrades. *Id.* (internal quotation omitted). The Commission approved this reimbursement mechanism, and the plan became part of Southwest's tariff as Attachment Z2. *Id.*

Southwest, however, lacked the computer software necessary to determine what provision of service qualified as "but for" service under the Attachment Z2. *Id.* It was not until 2016 that Southwest was able to calculate the use in this manner. *Id.* Southwest then began to bill its customers for the upgrade costs dating back to 2008, and to provide corresponding credits to the generators. *EDF Renewables, Inc. v. Sw. Power Pool, Inc.*, 181 FERC ¶ 61,140, at PP 6-7 (2022).

Section I.7.1 of Southwest's operating tariff states that within "a reasonable time after the first day of each month, the Transmission Provider shall submit an invoice to the Transmission Customer for the charges for all services furnished under the Tariff during the preceding month."  The section also states that billing adjustments "shall be limited to those corrections and adjustments found to be appropriate for such service *within one year* after rendition of the bill reflecting the actual data for such service." (emphasis added).  The tariff thus prevented Southwest in 2016 from adjusting bills that were rendered more than a year earlier.

To effectuate Attachment Z2, Southwest sought a waiver from the Commission to allow the organization to back-bill the customers beyond the one-year period.  The Commission granted the waiver. *Okla. Gas & Elec. Co.*, 11 F.4th at 826.  Several of Southwest's stakeholders petitioned for review of the Commission's decision.  The Commission sought a remand in light of an intervening decision of the D.C. Circuit, *see Old Dominion Elec. Coop.*, 892 F.3d at 1230, and the D.C. Circuit remanded the case to the Commission.  On remand, the Commission reversed itself and declined to grant Southwest's waiver of the one-year limit on back-billing. *Sw. Power Pool, Inc.*, 166 FERC ¶ 61,160, at PP 2, 58.

Oklahoma Gas and Electric Co., a generator in this case, petitioned for review in the D.C. Circuit, asserting that the Commission's order denying the waiver was arbitrary and capricious. *Okla. Gas & Elec. Co.*, 11 F.4th at 827.  The court denied the petition and concluded that the filed rate doctrine prevented the Commission from

retroactively waiving the one-year limitation on billing adjustments in section I.7.1. *Id.* at 830-32.

The generators then filed four separate complaints with the Commission. They sought orders allowing them to retain the credit payments made to them. They urged that Southwest should be required to cover the cost of reimbursements to customers, because Southwest violated the filed rate doctrine when it failed to implement the agreement in Attachment Z2. *See, e.g.*, *EDF Renewables, Inc.*, 181 FERC ¶ 61,140, at PP 15-19.

The Commission concluded in four separate orders that Southwest violated the filed rate doctrine, its tariffs, and its contracts with respect to all of the generators but one. The Commission declined, however, to grant a remedy. The Commission cited the one-year limitation on adjusting bills for customers and the fact that Southwest is a non-profit entity with no independent funds to cover any requested remedy. *See, e.g.*, *id.* PP 78-81, 88; *Okla. Gas & Elec. Co. v. Sw. Power Pool, Inc.*, 181 FERC ¶ 61,139, at PP 59-68 (2022). The generators each requested rehearing, and the Commission denied the requests in separate orders. *E.g.*, *EDF Renewables, Inc., v. Sw. Power Pool, Inc.*, 183 FERC ¶ 61,216, at PP 40-48 (2023). The generators now petition for review of the Commission's orders.

## II.

The generators contend that the Commission erred by concluding that it lacked authority to grant a remedy for Southwest's violation of the filed rate doctrine. We conclude that the Commission's decision was correct.

The Commission has power "to perform any and all acts, and to prescribe, issue, make, amend, and rescind such orders, rules, and regulations as it may find necessary or appropriate to carry out the provisions of this chapter." 16 U.S.C.

§ 825h. "The filed rate doctrine, however, limits that remedial authority." *Okla. Gas & Elec. Co.*, 11 F.4th at 832. "When it applies, the filed rate doctrine is 'a nearly impenetrable shield' and does not yield, 'no matter how compelling the equities.'" *Id.* at 829-30 (quoting *Old Dominion*, 892 F.3d at 1230).

The filed rate doctrine "is shorthand for the interconnected statutory requirements that bind regulated entities to charge only the rates filed with FERC and to change their rates only prospectively." *Id.* at 829. Federal law requires regulated entities to file a schedule with the Commission that contains rates and charges, as well as the classification, practices, and regulations affecting those rates and charges. 16 U.S.C. § 824d(c). Any matter directly affecting the rate is also part of the filed rate and cannot be changed retroactively. *Okla. Gas & Elec. Co.*, 11 F.4th at 829.

The generators assert that Southwest could have collected money from its customers and members to pay for credits to the generators. As to Southwest's customers, the Commission is correct that any charges would violate section I.7.1 and the filed rate doctrine. Section I.7.1 is part of the filed rate and imposes the one-year limit on back-billing. *Id.* at 830.

The generators contend that Attachment Z2 is also part of the filed rate, and that the Commission violated the filed rate doctrine by refusing to grant the requested remedies in line with Attachment Z2. Therefore, the generators contend, any decision by the Commission would violate the filed rate, so the Commission must use its equitable powers to choose between the options.

Although Attachment Z2 is part of the filed rate, the Commission did not violate the attachment by not granting a remedy. Attachment Z2 does not conflict with the billing requirements of section I.7.1. *Id.* at 827-28. Attachment Z2 "sets out the arrangement for sharing upgrade costs," but "says nothing at all about the timing

of billing for upgrade charges." *Id.* The Commission thus had only one choice regarding Southwest's customers—adhere to section I.7.1 and the filed rate doctrine.

Southwest's authority to assess members is set forth in section 8.4 of Southwest's bylaws. Section 8.4 states, in part, that Southwest

> will assess certain Members described herein on a monthly basis all costs not otherwise collected. Costs recovered under the assessment will include but are not limited to all operating costs, financing costs, debt repayment, and capital expenditures associated with the performance of [Southwest's] functions as assigned by the Board of Directors. Significant among these are costs associated with regional reliability coordination and the provision of transmission service.

The generators contend that the Commission has power to grant a remedy because Southwest could assess the cost of the credits or other remedies to its members. The Commission rejected this position because the generators could not identify language in section 8.4 that would allow Southwest to impose surcharges on its members for violations of the tariff. *E.g.*, *Cimarron Windpower II, LLC v. Sw. Power Pool, Inc.*, 183 FERC ¶ 61,219, at P 40 (2023).

The Commission explained that schedule 1-A of Southwest's tariff and section 8.4 of Southwest's bylaws permit Southwest "to recover costs that [Southwest] incurs for Tariff administration service." *Id.* Southwest has been required in the past to add a new attachment to the tariff to assess penalties to its members; the organization did not rely on section 8.4. *See Sw. Power Pool, Inc.*, 126 FERC ¶ 61,061, at P 27 (2009). Section 8.4 speaks only to costs; the bylaws elsewhere distinguish between costs, expenses, and liabilities. We conclude that the Commission articulated a satisfactory explanation for its orders by concluding that section 8.4 of the bylaws distinguishes between costs for tariff administration services, which may be assessed,

-10-

and penalties or liabilities, which may not. *See, e.g.*, *Cimarron Windpower II, LLC*, 183 FERC ¶ 61,219, at P 40 & n.115.

The generators also contend that the Commission failed adequately to explain whether its decision was based on a lack of authority or an exercise of equitable discretion. Taken as a whole, the Commission's orders adequately explain that it lacked authority due to the filed rate doctrine. In the initial orders, the Commission said that it "will not exercise" its authority under 16 U.S.C. § 825h "to order the relief requested here" because that action would be "inappropriate." *E.g.*, *EDF Renewables, Inc.*, 181 FERC ¶ 61,140, at PP 85-86. A concurrence emphasized that the Commission lacked authority to grant any remedy in light of the filed rate doctrine. *EDF Renewables, Inc.*, 181 FERC ¶ 61,140 (Danly, Comm'r, concurring at ¶ 1). In the orders denying rehearing, the Commission again said that a grant of relief would be "inappropriate," and added that the "filed rate doctrine and the rule against retroactive ratemaking *leave the Commission no discretion* to waive the operation of a filed rate or to retroactively change or adjust a rate for good cause or for any other equitable considerations." *See, e.g.*, *W. Farmers Elec. Coop. v. Sw. Power Pool, Inc.*, 183 FERC ¶ 61,218, at PP 24 n.60, 25 (2023) (emphasis added) (internal quotation omitted). The orders denying rehearing further explained that Southwest could not charge its customers or members for the requested remedies, so the Commission could not have ordered them. *E.g.*, *id.* ¶ 45-46. The Commission's statement that it "appropriately exercised its discretion not to impose any additional remedy . . . *in order to give effect to the filed rate doctrine*," *id.* ¶ 46 (emphasis added), explains that the Commission applied the doctrine as required and had no alternative. *See Ameren Ill. Co. v. Fed. Energy Regul. Comm'n*, 58 F.4th 501, 506 (D.C. Cir. 2023); *Okla. Gas & Elec. Co.*, 11 F.4th at 829-30; *Verso Corp. v. Fed. Energy Regul. Comm'n*, 898 F.3d 1, 10 (D.C. Cir. 2018). In any event, any error in failing to explain would be harmless here, because the agency was required by law to decline the requested remedies, and a remand would be unnecessary. *See Calcutt*

*v. Fed. Deposit Ins. Corp.*, 598 U.S. 623, 629-30 (2023); *Prohibition Juice Co. v. FDA*, 45 F.4th 8, 24-25 (D.C. Cir. 2022).

The generators maintain finally that the Commission's decision to deny a remedy authorizes undue discrimination. The Federal Power Act provides that no public utility shall "make or grant any undue preference or advantage to any person or subject any person to any undue prejudice or disadvantage." 16 U.S.C. § 824d(b)(1).

The Commission's decision does not authorize undue discrimination. The Commission concluded that Southwest violated its tariff, the contracts, and the filed rate doctrine. *See, e.g.*, *EDF Renewables*, 181 FERC ¶ 61,140, at PP 77-80. But the Commission was constrained in its ability to order a remedy for the reasons discussed. Any preference or advantage resulting from the Commission's limited authority to grant a remedy does not authorize a violation of the Act. As the D.C. Circuit explained in *Oklahoma Gas & Electric Co.*, the lack of an available remedy is in part the generators' own doing. 11 F.4th at 833. When Southwest did not timely implement Attachment Z2, the generators failed to "take action at the outset, such as by seeking to amend the tariff or requesting *prospective* waivers from FERC to act in contravention of a filed rate." *Id.*

The petitions for review are denied.

_____